The Court was of opinion that all the creditors of the deceased were entitled to be paid equally, in proportion to the debts due to them at the time of the death of their debtor ; and that, therefore, interest on all demands ought to stop at the time of the death. Or else interest should be allowed on all, whether they expressly bear interest or not, from the time of the death of the party till the report is made. In any other mode, the creditors would not all be paid in proportion to their respective debts,-as required by the statute before mentioned.
When the estate eventually proves insolvent, it makes no difference which of these modes is adopted, as in either case all the *429 creditors would be paid equally. But, as it can never be known with certainty by the commissioners how much the estate will pay, it is always expedient to compute the interest up to the day of making their report; because, if there should be more than sufficient to pay the principal sums due at the death of the party, although not * enough to pay the whole interest, the creditors would be entitled to interest as far as the assets would go.
But the mistake of the commissioners, in this particular, is not injurious to the plaintiffs in this case; but rather beneficial to them ; because, if interest had been computed on all the demands from the time of the death of Woodward, or if.interest on all had stopped at that time, in either case the plaintiffs would have received a smaller proportion out of his estate. ■ The plaintiffs, therefore, are not entitled to recover any further damages on this account ; and, as no objection has been made by the administrator, on the ground that the commissioners had allowed too large a sum to the plaintiffs, judgment is to be entered for the plaintiffs for the same sum that was awarded to them by the commissioners.
Judgment was entered for the sum allowed by the commissioners, m the manner prescribed by the abovemenuoned statute. And the Court, considering that the defendant was the party prevailing" in this case, within the true intent of the statute of 1784, c. 28, ordered a judgment to be entered for the defendant for his costs of this suit