## George Blake *versus* Henry Dennie. Administrator.

Where the administrator of an insolvent estate gave notice, in pursuance of *St.* 1784, *c.* 2, of his dissatisfaction with the allowance of a claim by the commissioners, and the creditor, in consequence, brought his action at law, but recovered less than the sum allowed by the commissioners, it was *held,* that the creditor was nevertheless entitled to recover his costs in such action; and that judgment should be rendered therefor against the defendant *de bonis propriis.* [See Revised Statutes, *c.* 68, § 12.]

THE parties stated the following facts.

At the trial, before *Putnam* J., it was proved, that Charles Tracy, the intestate, died on November 16, 1831 ; that on November 28, 1831, administration was granted to the defendant, on his estate ; that on May 8, 1832, the estate was represented to be insolvent ; that the plaintiff presented to the commissioners of insolvency his claim founded on three promissory notes, to wit, an attested note made by Tracy for the sum of $5000, dated October 31, 1809, and payable to the plaintiff in two years, with interest annually ; a note of the same date, for the sum of $5000, payable in three years, with interest annually ; and a note also bearing the same date, for the sum of $4250, payable in four years, with interest annually, which claim included interest upon the interest ; that the commissioners rejected the amount of the first note, and allowed the amount of the second and third notes, with interest thereon, and also interest upon the annual interest, the claim as allowed amounting to the sum of $30,597 ; that on July 11, 1833, the defendant, in pursuance of *St.* 1784, *c.* 2, filed in the probate office his objections to the allowance of this claim ; and that the plaintiff thereupon brought this action upon the three notes.

It was further stated, that the judge ruled out the first note, (the plaintiff not having given the notice required by the statute, in case of the rejection of a claim by the commissioners,) and instructed the jury, that if they found the two last notes to be due, they should compute simple interest only on the amount thereof ; and that the jury accordingly re-

Blake
v.
Dennie.

June 20th.

turned a verdict for the plaintiff, for the sum of $22,167·66, damages.

The defendant moved the Court, that, inasmuch as the plaintiff, by the verdict, had recovered a sum less than was allowed by the commissioners, the defendant might have judgment for his costs, as the prevailing party.

The plaintiff moved for judgment for his costs against the defendant *de bonis propriis*.

The case was argued in writing.

*Blair*, for the plaintiff, to the point, that the plaintiff was entitled to his costs, cited *Commonwealth* v. *Carpenter*, 3 Mass. R. 268 ; *Saunders* v. *Frost*, 5 Pick. 271 ; *Framingham Man. Co.* v. *Barnard*, 2 Pick. 532 ; *Ham* v. *Ricker*, 9 Mass. R. 28 ; *Lakeman* v. *Morse*, 9 Mass. R. 126 ; *Brown* v. *Chase*, 4 Mass. R. 436 ; and to the point, that judgment for the costs should be rendered against the defendant *de bonis propriis*, he cited *Crofton* v. *Ilsley*, 6 Greenl. 48 *Hardy* v. *Call*, 16 Mass. R. 530 ; *Brooks* v. *Stevens*, 2 Pick. 68 ; *Healy* v. *Root*, 11 Pick. 389.

*Aylwin*, for the defendant, cited *Dodge* v. *Breed*, 13 Mass. R. 537.

SHAW C. J. delivered the opinion of the Court. The defendant having struck out the whole of the amount allowed by the commissioners, as by statute he had power to do, the plaintiff was compelled to commence his action at law, or lose his whole claim. The costs claimed, are the costs incurred in the prosecution of this suit, after the claim was struck out by the defendant. In this action the plaintiff has prevailed, but it is contended, that the defendant has in effect prevailed in the controversy, because the plaintiff has recovered less than the commissioners allowed. This rule, however, borrowed from the ancient practice of reviews, where, upon a review, if a plaintiff had a verdict for less than on the original trial, the judgment was for the defendant to recover back, and so he was considered the prevailing party, is not adopted as the general rule in regulating costs. In *The Framingham Man. Co.* v. *Barnard*, 2 Pick. 534, after judgment and execution satisfied, a new trial was allowed on the defendant's exceptions, and the defendant so far prevailed

as to reduce the amount recovered by the plaintiffs ; still the    Blake
plaintiffs recovered their costs, because they prevailed in the    *v.*
action                                                             Dennie.

This case is quite distinguishable from *Dodge* v. *Breed*, 13
Mass. R. 537, because there the plaintiff gave notice and
brought his action, and recovered no more than the commis-
sioners had allowed. It is also distinguishable from *Healy*
v *Root*, 11 Pick. 394, which was decided upon the principle,
that it was not an action commenced originally against the
administrator, but against the intestate, and the administrator
was summoned in under the statute. We are of opinion,
that the plaintiff is to be considered the prevailing party,
and entitled to his costs ; and that judgment is to be rendered
against the administrator *de bonis propriis*, for the costs, and
the sum recovered as damages to be certified to the judge of
probate.*

---

* This subject is now regulated by the Revised Statutes. The prosecution
in a common law court, is in form and effect an appeal from the decision of
the commissioners, and costs will be taxed for the prevailing party on the
appeal. Revised Stat. *c.* 68, § 12.