## NATHANIEL STEVENS *vs.* SUSAN HALE.

Where the assignee of an insolvent debtor appeals from the allowance, by a judge o probate or master in chancery, of a claim against such debtor, and on the trial of the appeal, the claimant recovers judgment, though for a less sum than was allowed him by the judge or master, he is the prevailing party, and is entitled to costs, under *St.* 1838, *c.* 163, § 4.

APPEAL from the decision of a master in chancery, allowing to Susan Hale her claim, to the amount of $5600, against the estate of Perley Hale and Bernice S. Hale, insolvent debtors, whose estate had been assigned to the appellant, Nathaniel Stevens, under *St.* 1838, *c. 163.*

On the trial of this appeal, at the last April term of this court, the jury found a verdict for the appellee, for the sum of $1396. The appellant thereupon moved for costs, claiming to be " the party prevailing," under the last clause of the 4th section of said statute. The chief justice, before whom the trial was had, being of opinion that the appellee was " the party prevailing," within the meaning of that clause, overruled this motion, but reserved the question of costs for the consideration of the whole court.

*J. G. Abbott,* for the appellant.

*Wentworth,* for the appellee.

WILDE, J. · The only question in this case is a question of costs, depending on *St.* 1838, *c.* 163, § 4. The appellee, a creditor of Perley Hale and Bernice S. Hale, insolvent debtors, exhibited her claim against their estate, before a master in chancery, which was allowed, to the amount of $5600. On an appeal, and a trial by jury in this court, she recovered only the sum of $1396 ; and the question is, which is to be considered the prevailing party, within the true meaning of the statute. And we think it clear that the claimant must be so considered. The statute provides, that " the party prevailing in such suit

shall be entitled to costs, to be taxed and recovered as in common actions, against the adverse party." And unquestionably, if this had been an action in common form, the plaintiff would be entitled to costs as the prevailing party. The appellee has prevailed in her *suit*, although the appellant has prevailed on his appeal. And by the express words of the statute, the party prevailing in the suit is entitled to costs.

This case is distinguishable from that of *Dodge* v. *Breed*, 13 Mass. 537, on which the appellant relies. In that case, the plaintiff gave notice of his dissatisfaction with the sum allowed him by the commissioners, and brought his action to recover a larger sum, and he failed so to do ; he could not therefore be considered as the prevailing party. His action was in the nature of a writ of review, to correct the judgment of the commissioners. If that case was not decided on this distinction, it was overruled by the decision in the case of *Blake* v. *Dennie*, 15 Pick. 385, which, unless on this distinction, cannot be recon ciled with the former decision. But independently of these decisions, we are clearly of opinion, that by *St.* 1838, *c.* 163, § 4, the appellee is entitled to costs, as the prevailing party in her suit or claim.